## TOM MAYS v. THE STATE.

*No. 6865.   Decided May 3.*

1. **Indictment for Swindling**, to be sufficient, must clearly and directly allege the ownership of the property fraudulently acquired by the defendant.   In substance, the indictment in this case charges that the appellant, falsely representing himself to be the owner of certain cattle, executed a pretended mortgage thereon to one R., in consideration whereof the said R. executed and delivered to defendant a check on a bank for sixty dollars.   Failing to charge the ownership of the said check, the indictment was fatally defective.

2. **Former Jeopardy.**—See the statement of the case for the substance of a plea of former jeopardy *held* not to state facts which constitute that defense.

APPEAL from the District Court of Harrison.   Tried below before Hon. F. A. Williams, on exchange.

The opinion states the nature of the case.   The penalty assessed against the appellant was a term of seven years in the penitentiary.

For jeopardy the appellant pleaded, in substance, that he had been placed on trial, on a valid indictment for the same offense, in a court of competent jurisdiction, and a competent jury had been impaneled and sworn in his case to try his cause, when J. D. Rudd, a witness for the State, was placed on the stand, and the bill of sale or chattel mortgage, which

is copied into the bill of indictment in this cause, was offered in evidence by the district attorney, and objected to by counsel for appellant because there was a material variance in the tenor of the one offered in evidence and the one copied into the bill of indictment, which objection was sustained by the court, and the bill of sale or chattel mortgage was not read; whereupon the district attorney, over the objection of the appellant, entered a nolle prosequi in that cause, and the jury was discharged over the protest of appellant.

It may be stated by the Reporter that the indictment pleaded in jeopardy, like the one upon which this trial was had, alleged the execution and delivery of the check by Rudd, but did not allege the ownership of the said check.

The district attorney excepted to the plea of former jeopardy, upon the ground that it was insufficient in law.

*Wilson & Lane,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WILLSON, JUDGE.—This conviction is for the offense of swindling, and the indictment is, we think, fatally defective because it does not allege the ownership of the instrument in writing averred to be the property acquired by the swindle. It might be inferred from the allegations in the indictment that the person who executed said instrument, and who delivered the same to the defendant, was at the time the owner of it. But inferences can not be indulged in passing upon the sufficiency of an indictment. In the offense of swindling, as in that of theft, the indictment must clearly and directly allege the ownership of the property fraudulently acquired by the defendant. May v. The State, 15 Texas Ct. App., 430.

Without discussing the defendant's plea of former jeopardy, we will say that, in our opinion, it did not state facts which constituted that defense, and the exceptions to the plea were properly sustained.

Because the indictment is substantially defective, the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

Judges all present and concurring.